**Maurice OPARAJI, Plaintiff–Appellant,**

v.

**VIRGIN ATLANTIC AIRWAYS,
LTD., Defendant–Appellee.**

No. 06–4466–cv.

United States Court of Appeals,
Second Circuit.

Dec. 21, 2007.

Maurice Oparaji, pro se, Rosedale, N.Y.,
for Plaintiff–Appellant.

Christopher Carlsen, Clyde & Co. US
LLP, New York, N.Y., for Defendant–Appellee.

PRESENT: Hon. WALKER, Hon.
GUIDO CALABRESI, Circuit Judges,
Hon. JOHN F. KEENAN, District
Judge.*

## SUMMARY ORDER

Plaintiff–Appellant Maurice Oparaji appeals from a grant of summary judgment to Defendant–Appellee Virgin Atlantic ("Virgin"), entered by the United States District Court for the Eastern District of New York (Block, J.). We assume the parties' familiarity with the facts and procedural history of the case.

Oparaji contends that the district court erred in granting Virgin's motion for summary judgment and dismissing his complaint because a genuine issue of material fact exists as to whether he suffered physical injury as a result of Virgin's conduct. "We review *de novo* a district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party and drawing all inferences and resolving all ambiguities in favor of the nonmoving party." *Doro v. Sheet Metal Workers' Int'l Ass'n,* 498 F.3d 152, 155 (2d Cir.2007).

Under Article 17 of the Warsaw Convention, *see* Convention for the Unification of Certain Rules Relating to International Transportation by Air art. 17, Oct. 12, 1929, 49 Stat. 3000, 137 L.N.T.S. 11, which governs Oparaji's claims, Oparaji can recover damages for his injuries only if he suffered some bodily injury, *see E. Airlines, Inc. v. Floyd,* 499 U.S. 530, 552, 111 S.Ct. 1489, 113 L.Ed.2d 569 (1991). Based

* The Honorable John F. Keenan, United States District Court for the Southern District of New York, sitting by designation.

on the evidence, no reasonable jury could find that Oparaji suffered any physical injury as a result of being detained by Virgin personnel on suspicion of a fraudulent passport or being told to retrieve his luggage from the tarmac. We therefore conclude that there is no genuine issue of material fact and that the grant of summary judgment was proper. *See Guilbert v. Gardner*, 480 F.3d 140, 145 (2d Cir. 2007). We note, as an aside, our disappointment with Virgin's handling of this appeal—in particular, counsel's failure to include in the record on appeal several pages of deposition testimony that were potentially harmful to Virgin's case.

Oparaji has alleged that Virgin's conduct was wanton and willful. But he has proffered no evidence, sufficient to raise a genuine issue of fact, of such behavior. Accordingly, we do not reach the issue of willfulness raised by the application of Article 25(1) of the Warsaw Convention, which provides that "[t]he carrier shall not be entitled to avail himself of the provisions of this convention which *exclude* or limit his liability, if the damage is caused by his wilful misconduct." Warsaw Convention art. 25(1) (emphasis added). It therefore remains an open question whether wilful misconduct, which lifts the cap on monetary damages prescribed by Article 22 of the Convention, also lifts the exclusion of traditional tort damages that would typically operate to bar a claimant's recovery under common law. *See El Al Isr. Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 160–61, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999); *Shah v. Pan Am. World Servs., Inc.*, 148 F.3d 84, 97–98 (2d Cir.1998).

For the foregoing reasons, the judgment of the district court is AFFIRMED.